## O'TOOLE *v.* HURLEY.

1. ACCOUNTING—TRUSTS—STATUTE OF LIMITATIONS—LACHES.

A copartnership and an individual became the owners of a vessel, in the proportion of three-fourths and one-fourth, respectively. The partners received the entire proceeds of the vessel for several years, kept all of the books, and, when the vessel was sold, collected the purchase price. The relations of the former owners continued for some years after the sale, until the adjustment of certain litigation against the vessel. Upon a bill for an accounting as to the one-fourth interest, which set up the foregoing facts, and averred that defendants, although frequently promising to render an account, had deferred doing so on various pretexts, defendants pleaded the statute of limitations, claiming that complainant's right to an accounting was complete more than six years before, when the proceedings against the vessel were settled. *Held,* that the plea was properly overruled; that a trust relation existed between the parties, which, in the absence of an account, had never been changed to the relation of debtor and creditor; and that the question whether complainant was, independent of the statute, guilty of such laches as would deprive him of relief in equity, was properly left to be determined from the proofs.

2. SAME—ESTATES OF DECEDENTS—PRESENTATION OF CLAIMS.

The failure of a *cestui que trust* to present within the statutory period a claim against the trustee's estate for moneys received by the deceased by virtue of the trust relationship, concerning which all information had for years been withheld from

the beneficiary, and no account had ever been rendered, cannot be pleaded by the administrator as a bar to a bill for an accounting, since the rendition of an account was necessary to the determination of the amount of the claim.

Appeal from Wayne; Carpenter, J. Submitted October 13, 1897. Decided January 18, 1898.

Bill by Martin O'Toole against Timothy Hurley and Mary A. Hurley, administratrix of the estate of. John Hurley, deceased, for an accounting.. From an order overruling their pleas to the bill, defendants appeal. Affirmed.

The material averments in the bill of complaint are as follows: Complainant and defendant Timothy Hurley and John Hurley, deceased, in January, 1881, purchased the steamer Empire, for $7,500, the Hurleys owning three-fourths, and complainant one-fourth, each paying his proportion thereof. The Hurleys were partners. While so owned, the said vessel was engaged in the carrying trade upon the Lakes from 1881 to 1887, inclusive. The vessel was sold in 1887 for $12,000, and the money received by said copartnership. By the agreement, said copartnership acted as the agent of the vessel, to collect and receive all her earnings, make all necessary disbursements, and keep all the books of account. Said copartnership did receive all the moneys so earned for the benefit of the owners. The amount so received exceeded the sum of $95,000, as complainant is informed and believes. The receipts exceeded the disbursements, but by what amount complainant cannot state. The relations of complainant and said copartnership, as owners, continued until 1892, when they were finally ended and closed by the adjustment of certain litigation pending in the United States admiralty court against the said vessel, known as the "Joy Litigation," in which said steamer was held liable for $1,200 and expenses of litigation. Complainant acted as master and general manager of said vessel until the fall

of 1886, when he was discharged.   He kept an accurate book of accounts, showing all sums collected and disbursed by him, and at the end of each year turned the said books over to said firm, and has not since seen them.   Said copartnership has never rendered an account to complainant, although frequently requested so to do.   It admitted his right to such accounting, and promised at various times to render a statement, but put it off on various excuses, one of which was that he should wait until this suit for damages was closed.   Finally, in 1894, said copartnership rendered an account in lump sums, and not in detail, showing a balance due him.   .The estate of John Hurley has, by agreement between Timothy Hurley and the administratrix of John's estate, been kept open and unsettled on account of the unsettled claim of complainant.   Said firm refused permission to complainant or his attorney to examine the books containing said account.   The prayer of the bill is for an accounting.

To this bill defendants interposed a joint plea, setting up the statute of limitations, and a joint answer in support of said plea, in both of which they aver that the litigation in the United States court was settled and closed in May, 1890.   Defendant Mary A. Hurley interposed a separate plea, to the effect that John Hurley died May 28, 1892; that she was duly appointed administratrix; that commissioners on claims were duly appointed August 29, 1892, and their report filed June 16, 1894; that complainant presented no claim against said estate; that her administration has been closed, and the estate distributed, except a certain amount in litigation, for which she reserved a sufficient amount if that claim should be sustained.   In support of this plea she also filed an answer.   The case was heard upon pleadings, and the pleas overruled; the court holding that the bill "makes a case of actual trust, resting upon mutual confidence," and that, therefore, the statute of limitations did not apply.

*Wisner & Harvey*, for complainant.

*John C. Shaw* and *Wm. B. Cady*, for defendant Timothy Hurley.

*John Miner*, for defendant Mary A. Hurley.

Grant, C. J. (*after stating the facts*). Counsel cite many authorities in support of the following propositions:

1. Equity applies the statute of limitations by analogy.
2. Where the jurisdiction is concurrent, the statute of limitations is a bar in equity as well as at law.
3. In cases of frauds in trusts, the statute does not apply.
4. It does not apply to continuing and subsisting trusts.

These propositions are well established. Their application affords the only difficulty. An early and leading case is *Kane* v. *Bloodgood*, 7 Johns. Ch. 90 (11 Am. Dec. 417). Chancellor Kent, in that case, in an able and exhaustive opinion, reviews the authorities. After reviewing them, and stating the well-established rule to be that the statute of limitations is a good plea in equity as well as at law, he says:

"A pure plea of the statute is no bar where there are circumstances stated in the bill which take the case out of it, as an offer to account, an acknowledgment of the debt, a promise to pay, or to do what was right and just, or a promise to pay when assets came to hand, unless the plea be accompanied with an averment or answer destroying the force of these circumstances;" citing several authorities.

He also says:

"Lord Manners intimated in *Barrington* v. *O'Brien*, 1 Ball & B. 178, that to persuade a party not to prosecute, by holding out promises until the debt is barred by the statute, was a fraud, and that a plea of the statute ought not to be sustained."

The authorities make a distinction between a trust constituted by the act of the parties and one founded on fraud or the like. In *Baxter* v. *Moses*, 77 Me. 481 (52 Am.

Rep. 783), the court quote with approval the proposition as stated in Wood on Limitations (section 215): "One who is not actually a trustee, but upon whom that character is forced by a court of equity only for the purpose of a remedy, may avail himself of the statute," and add: "The doctrine could not be more satisfactorily stated." In *German American Seminary* v. *Kiefer*, 43 Mich. 112, this court says, after stating the rule: "There is a well-understood exception in the case of actual trusts, founded on and resting upon the mutual confidence of the parties." Where a receipt was given for notes for collection, the proceeds to be applied on other notes given by the plaintiff, and to pay over or account to him for the balance, held, that "the receipt established the relation of principal and agent in respect to the collection and disbursement of the moneys, which could only be changed to the relation of debtor and creditor by a demand," and that the statute did not apply. *Kimball* v. *Kimball*, 16 Mich. 211, 219.

The relation between these parties was one of trust, and very similar to that of partners. The proper remedy is in equity, for an accounting. No obligation to pay existed until the Hurleys had settled the business of the concern, the Joy litigation was ended, and that debt paid. It was their duty to change the relation from trustee and *cestui que trust* to that of debtor and creditor, by rendering an account. They aver in their pleas and answers that they have rendered no account. Their duty to account is not denied. It would be a harsh rule to apply in this case that complainant is barred by the statute or by laches, if it be true that he was lulled to sleep by the representations of the Hurleys. For years they received the entire proceeds of the business and of the sale of the vessel, and kept the books. It was their duty to account. Whether their excuses for rendering no account amounted to a fraud will depend upon the proofs. Whether complainant is guilty of laches in sleeping upon his rights without showing excuse, under the doctrine in *Miles* v. *Vivian*, 25 C. C. A. 212, 213, 79

Fed. 853, and authorities there cited, will also depend upon the proofs. Upon this point, see *Kobogum* v. *Jackson Iron Co.*, 76 Mich. 498; *Compo* v. *Jackson Iron Co.*, 49 Mich. 39.

As to the separate plea of the administratrix, it is sufficient to say that the estate is not closed. A discovery and accounting are asked. The result may show that there is no money claim to be presented to the commissioners. All the books and accounts are in the hands of the defendants, and they have withheld all knowledge from complainant. Without a discovery and accounting, he could not make out a claim to present against the estate. In such case equity is the proper forum. Possibly complainant may be barred by laches, but that will depend upon the proofs.

We think the court was right in overruling the pleas. When the proofs are before the court, the rights of the parties can be determined according to the rules of law and equity.

Decree affirmed, and case remanded for further proceedings.

The other Justices concurred.