WHITAKER v. DAVIS et al.

(Circuit Court, D. Massachusetts. January 24, 1899.)

No. 1,019.

1. RES JUDICATA—DECREE OF DISMISSAL.
    An order dismissing a bill for want of prosecution is not a bar to another bill.

2. SAME—IDENTITY OF SUBJECT-MATTER—PLEADING.
    A bill for relief in regard to infringement of a patent was dismissed on demurrer. In a subsequent suit; a plea averred that the parties, the letters patent relied on, and the acts of infringement complained of, were the same as in the former suit. Held, that it did not show that the matters in suit were res judicata.

In Equity.

Frederick L. Emery, for complainant.
William Quinby, for defendants.

BROWN, District Judge. This plea sets up as a bar a decree of dismissal of a former bill. It appears, however, by the plea, that the dismissal was upon the motion of the defendants, made after the filing of a demurrer, and after the expiration of the time in which, under the rules, the complainant could set down the demurrer for argument. In other words, the plea sets forth a dismissal of the former bill for want of prosecution. An order dismissing a bill for want of prosecution is not a bar to another bill. Story, Eq. Pl. § 793; Coop. Eq. Pl. p. 270; 1 Daniell, Ch. Prac. (6th Am. Ed.) 811; Kempton v. Burgess, 136 Mass. 192. See, also, Ryan v. Seaboard & R. R. Co., 89 Fed. 397, 403.

The defendants contend that the true effect of a dismissal under equity rule 38 is to sustain the validity of the demurrer. If we concede this, it is still necessary that the plea should show by proper averments that the former judgment determined the rights set up in the present bill. The plea avers merely that the parties are the same, or in privity, that the letters patent relied on are the same, and that the acts of infringement are the same. This does not amount to an averment of the substantial identity of the two suits, nor permit us even to infer that to sustain the former demurrer would result in a conclusive determination of the rights upon which the complainant relies in his present bill. If the former decree was anything more than a dismissal for want of prosecution (which, upon the allegations of the plea, is doubtful), the plea is still open to the objection that it leaves to conjecture what was involved and decided in the former suit, and is therefore insufficient to show an estoppel by record. Russell v. Place, 94 U. S. 606, 610. Plea dismissed.