Darst v. Backus.

E. J. DARST, APPELLEE, v. GUSTAVUS BACKUS, APPELLANT.

Usury: BURDEN OF PROOF. Where usury in the original transaction for which negotiable promissory notes were given is proved, a party who claims to have purchased the notes before maturity must assume the burden of proof to show that he is a *bona fide* purchaser for value before maturity and without notice.

APPEAL from Burt county. Tried below before NEVILLE, J.

*H. H. Bowes,* for appellant.

*R. B. Daley,* and *Hopewell & Dickinson,* for appellee.

MAXWELL, J.

This action is brought upon two promissory notes, as follows:

"$974. TEKAMAH, Neb., June 17th, 1883.

"Ninety days after date I promise to pay to C. W. Conklin or order, nine hundred seventy-four dollars, for

value received, payable at the office of C. W. Conklin, Tekamah, Nebraska, with interest at the rate of ten per cent per annum.    If this note is not paid at maturity, to draw ten per cent from date.

" JOHN S. LEMMON,

" JOHN TALLIN.

" L. PHELIN.

" Witness to mark :
    " A. T. LARSON.

"GUSTAVUS $\overset{\text{his}}{\text{X}}$ BACKUS,
    mark.

" JOHAN LARSON."

"$315 48.                " TEKAMAH, January 23d, 1883.

Ninety days after date I promise to pay to C. W. Conklin, or order, three hundred fifteen and $\frac{48}{100}$ dollars for value received, payable at the office of C. W. Conklin, Tekamah, Nebraska, with interest at the rate of — per cent per annum.  If this note is not paid at maturity, to draw ten per cent interest from date.

" JOHN S. LEMMON,

" JOHN THALIN,

" L. THELIN,

" Witness to mark :
    "A. T. LARSON.

"GUSTAVUS $\overset{\text{his}}{\text{X}}$ BACKUS,
    mark.

" JOHAN LARSON." .

Darst claims as assignee before maturity of the notes. The defendant Backus filed an answer to the petition, wherein he alleges in substance that the notes in question were not transferred until after they became due ; that he is merely a surety on said notes, John S. Lemmon being the principal ; " that the notes sued on were given to renew and extend notes given by said Lemmon to said Conklin on December 2d, 1882, one for $974, and another for $168.48, the interest on said $974 at the rate of 24 per centum for six months. That to said sum of $168.48 was added 24 per centum per hundred on said sums of $974 and $168.48, and for which, together with said sum

Darst v. Backus.

of $168.48 of said note of $315.48 mentioned in the 2d paragraph of said plaintiff's petition was given," etc. The reply is a general denial. On the trial of the cause, judgment was rendered in favor of the plaintiff for the sum of $1,453.63. The defendant Backus appeals.

The testimony fully sustains the plea of usury. The principle is now well settled that mere illegality in the consideration of a note which is not declared void by statute will not affect the rights of a *bona fide* purchaser for value. *Wortendike v. Meehan*, 9 Neb., 228. *Norris v. Langley*, 19 New Hamp., 423. *State Bank v. Thompson*, 42 Id., 369. *Converse v. Foster*, 32 Vt., 828. *Sistermans v. Field*, 9 Gray, 331. *Smith v. Columbus State Bank*, 9 Neb., 31. *Paton v. Coit*, 5 Mich., 505. Where, however, the illegal consideration is shown, the burden of proof is on the plaintiff to show that he is a *bona fide* holder for value before the maturity of the note, and without notice. *Savings Bank v. Scott*, 10 Neb., 86. *Olmstead v. N. E. Mtge. Sec. Co.*, 11 Id., 492. *Cheney v. Cooper*, 14 Id., 416. *Evans v. De Roe*, 15 Id., 631. In this case there is not a particle of proof that the plaintiff either purchased the notes before maturity, paid any sum whatever for them, or that he was ignorant of usury in the transaction, which the undisputed testimony clearly shows to have existed. This being the case, the notes are subject to the defense of usury. The judgment of the district court must therefore be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.