WILLIAM DOLL, APPELLANT, v. HORACE S. HOLLENBECK ET AL., APPELLEES.

Mortgage Foreclosure: USURY. In an action of foreclosure the defense of usury is available to the maker against an assignee of an usurious note and mortgage which had been transferred to him by a written assignment on the mortgage only, for value before maturity, and without notice of any defect.

APPEAL from the district court of Douglas county. Heard below before WAKELEY, J.

*C. A. Baldwin*, for appellant.

*O'Brien & O'Brien*, for appellees.

COBB, J.

This action was brought in the district court to foreclose a mortgage. The appellant was plaintiff in that court and the appellees were defendants. The plaintiff in his petition alleged that on the 25th day of March, 1880, the defendants made their note for $700, payable two years from date to August Doll, with interest at ten per cent, and to secure the same gave a mortgage on certain lands in Douglas county. That on the 24th day of January, 1882, August Doll, for a valuable consideration, sold, assigned, and transferred said note and mortgage to William Doll, the plaintiff, who thereby became and now is the *bona fide* owner and holder thereof. The defendants by their answer admit the making of the note and mortgage, but allege that the note was given for an old note; that the old note was founded on an usurious contract, thereby affecting the note sued on; and the defense of usury is relied upon.

The plaintiff by his reply alleged that he knew nothing of the transaction between the original parties to the note and mortgage, and that he is a *bona fide* owner without any notice whatever of any defense to the note.

The cause was tried to the court, which found:

" 1.    That the defendants Horace S. Hollenbeck and Eugenie Hollenbeck executed and delivered to August Doll the mortgage deed set forth in the petition on the following described real estate.    *    *    *    That said mortgage was duly recorded.    *    *    *    That on the 24th day of January, 1882, and before maturity of the note, said August Doll, for a good and valuable consideration, sold, assigned, and transferred said note and mortgage to said Wm. Doll.

" 2.    That the plaintiff is the owner of the note and mortgage in controversy by virtue of an assignment of the same endorsed on the mortgage. January 24th, 1882, pay-

ing value therefor and having no knowledge or notice of a defense thereto.

"3. The note not having been endorsed according to the law merchant, the plaintiff holds the same as well as the mortgage, subject to any defense which could be made against the same if still held by the payee.

"4. The $500 note mentioned in the answer was usurious, and the note in controversy being given in part in renewal thereof, is consequently usurious; no interest can be recovered, and all payments made thereon must be deducted from the principal.

"5. The amount of payments made on the note is $459.25.

"6. And the court finds there is due to the plaintiff upon the note set forth in the petition, which said mortgage was given to secure, the sum of $40.75, and that the plaintiff is entitled to a foreclosure of said mortgage as prayed."

A decree was entered in accordance with the said findings, and the plaintiff brings the cause to this court on appeal.

There is no point upon the facts or evidence in the case; on the contrary, appellant in his brief "admits that the old note was usurious, and that as against the original payee, August Doll, usury would be a good defense." It is not claimed that the note was endorsed by the payee. The following is a copy of the note taken from the transcript:

"$700.00.        OMAHA, NEB., March 25, 1880.

"Two years after date I promise to pay to August Doll or order seven hundred dollars for value received, negotiable and payable, without defalcation or discount, at the banking house of Caldwell, Hamilton & Co., at Omaha, Nebraska, with interest at the rate of ten per cent per annum from date until paid, interest payable annually.

"HORACE S. HOLLENBECK."

The note being thus payable to August Doll, *or order*, it must have been endorsed by him in order to the transfer

of the legal title, and the plaintiff, without such endorsement, took it as a mere chose in action, subject to all equities or other defenses that attach to it in the hands of the payee, notwithstanding that he purchased it for full value and without notice of any defect. See Daniel on Negotiable Instruments, §§ 664 and 741, and authorities there cited.

Counsel for appellant cites section 31 of our civil code, which is as follows: "In the case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any set-off, or other defense now allowed; but this section shall not apply to negotiable bonds, promissory notes, or bills of exchange, transferred in good faith, and upon good 'consideration before due." This section should be read in connection with the two preceding ones, and it should be borne in mind that before the adoption of the code actions at law were not necessarily brought in the name of the real party in interest, nor could they be in cases of transferred or assigned choses in action; but had to be brought in the name of the original beneficiary, for the use of the assignee or transferee. The object of the enactment of the 29th and 30th sections of the code was to do away with the necessity of uses and trusts, in the matter of bringing and prosecuting actions at law; and the object of the 31st section was to prevent such change in the practice affecting injuriously the rights of defendants. But as the rule which was thus being changed never had any applicability to *negotiable* paper, the latter clause of said section was added *ex majori cautela* lest the language of the first clause might be construed to change the existing law applicable to such securities.

"Negotiable instruments may also," says Daniel, "be assigned by a separate and distinct paper, although not delivered, as by deed or mortgage, conveying them specifically or all 'choses in action'; but it has been held that such an assignment carried only the equitable and not the legal title." Id., § 748a. In all such cases the assignee takes

such instrument, subject to all legal and equitable defenses which adhered to it in the hands of the assignor.

Counsel for appellant in his brief claims that as the mortgage was assigned by the mortgagee to plaintiff and such assignment being in writing on the back of the mortgage, the same may be construed into an endorsement of the note, the mortgage being regarded as an *allonge*. On this point, I again quote from Daniel: "It is not necessary, however, that the endorsement should be upon the original bill or note, in order to constitute it such in the full sense of the term. It sometimes happens that by rapid circulation from hand to hand the back of the paper is completely covered by endorsements; and in such cases the holder may tack or paste on a piece of paper sufficient to bear his own and subsequent endorsements, and thereon the endorsements may be made. Such addition to the original instruments is called an *allonge*, and it becomes, for the purposes above named, incorporated as a part of it." Id., § 690. Webster defines the word *allonge* to mean, "A paper attached to a bill of exchange for receiving endorsements too numerous to be written on the bill itself." In the case at bar, the mortgage and note were not attached or fastened together; and had they been, as there was plenty of room remaining blank on the back of the note for endorsements thereon, it would be a forced and inadmissible construction to treat the mortgage as an *allonge* of the note. The case of *Crosby v. Roub*, 16 Wis., 645, cited by counsel for appellants, is not strictly applicable; but even if it were, candor compels me to say, that much as I respect that court, and especially the late distinguished judge who wrote the opinion, it could not, with our present views of the law, be followed in this court. Messrs. Vilas and Bryant, in their syllabus to that case in the annotated edition of Wisconsin Reports, fall into the error of citing *Carpenter v. Longan*, 16 Wall., 271, and *Kenicott v. The Supervisors*, Id., 452, as affirming *Crosby v. Roub*; but an ex-

amination of those cases will show that the point was not involved in either of them.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.