L. W. COLBY v. C. L. PARKER.

[FILED MAY 18, 1892.]

1. **Negotiable Instruments**: Usury. The testimony in the case examined, and *held* to establish the defense of usury.

2. ———: Indorsement: How Proved. Where the plaintiff claims as an indorsee of a negotiable promisory note, and the indorsement is denied in the answer, he must prove the words or form of the indorsement. It is for the court to determine its legal effect.

3. ———: ———: ———: Bona Fides. An indorsee of negotiable paper purchased before due, to be protected, must have purchased without notice of any defenses against the same and have paid the consideration before notice of such defenses.

4. ———: ———: ———: ———: BURDEN OF PROOF. Where usury
in the transaction is proved, a party who claims to have pur-
chased the note before maturity for a valuable consideration
must assume the burden of proof to show that he is a *bona fide*
purchaser.

5. Res Adjudicata. *Held,* That the defense of former adjudica-
tion was not sustained.

ERROR to the district court for Gage county. Tried
below before BROADY, J.

*Griggs, Rinaker & Bibb,* for plaintiff in error, cited:
*A. & N. R. Co. v. Washburn,* 5 Neb., 124; *B. & M. R.
Co. v. Lancaster Co.,* 7 Id., 38; *Jones v. Seward Co.,* 10
Id., 161; *Ins. Co. v. Barnd,* 16 Id., 90; *R. Co. v. Lund-
strom,* Id., 263.

*A. H. Babcock, contra,* cited: *Search v. Miller,* 9 Neb.,
30; 1 Dan., Neg. Inst., sec. 812; 2 Id., sec. 1220; 1 Her-
man, Est. and Res Ad., 24, 38, 40; Id., 1430–1; *U. P.
R. Co. v. McCarty,* 8 Kan., 125; *Wescott v. Brown,* 13
Ind., 83; *Larum v. Wilmer,* 35 Ia., 244; *Knowlton v. Par-
sons,* 10 Neb., 505.

MAXWELL, CH. J.

This is an action upon a promissory note executed by
Colby in favor of H. W. Parker. The answer of Colby
is as follows:

" That he admits that on the 12th day of December, A.
D. 1887, he made and delivered the promissory note set
forth in plaintiff's petition, but he denies that on or about
the 14th day of December, 1887, or at any other time
before or subsequent to the maturity of said note, the said
H. W. Parker transferred, indorsed, or delivered said
promissory note to the plaintiff, and avers that the same
was not indorsed by the said H. W. Parker, and that the
plaintiff is not the holder or owner of the same, and that
the said H. W. Parker is the real party in interest in this

suit, and the defendant further denies each and every other allegation in said petition contained.

"Second—That on the 16th day of January, 1888, the plaintiff, C. L. Parker, commenced an action against this defendant in the county court of Gage county, Nebraska, to recover of and from this defendant the sum of $400 with ten per cent interest thereon from January 12, 1888, upon the promissory note sued upon in this action and set forth in plaintiff's petition; that thereafter the proceedings were had and done in said action so commenced against this defendant by said plaintiff as appears by Exhibit 'A' hereto annexed and made a part of this answer, which said Exhibit 'A' is a true copy of all the proceedings so had and done in said cause in the said county court of Gage county, Nebraska. By reason whereof the defendant avers and charges that the plaintiff is estopped and barred from proceeding further in this court.

"Third—That said note set forth in plaintiff's petition is usurious; that a greater rate of interest than ten per cent was contracted for, received, and reserved in the said note; that the same was made by the defendant as a renewal of another note and included a large amount of illegal and usurious interest, wherein more than ten per cent interest was agreed upon and taken, amounting to the sum of $200, which amount is illegal, usurious, and should be deducted from the said note; that said claim upon which note was based, and for which it was given, was originally for lumber and supplies furnished by the said H. W. Parker, and that on a settlement thereof the sum of over $200 for lumber and supplies was included therein by mistake, the same being for lumber and supplies and material which were not furnished to the defendant, of all of which facts, both as to the matter of usury and the matter of materials, the plaintiff, C. L. Parker, had full knowledge long prior to the execution of said note, and by reason whereof the defendant is not indebted to the plaintiff in any sum what-

ever, and he asks that the same be set off against the plaintiff's claim."

The reply is a general denial.

On the trial of the cause the jury returned a verdict in favor of the defendant in error for the sum of $446.10, upon which judgment was rendered. The jury also found specially that the note was not tainted with usury. Colby in his testimony had stated, in substance, that the original note was for $278; that the first note was dated in June, 1882; that he had paid over $100 cash as interest on the note; that there were renewals from time to time, and that the present note was the principal and accumulated interest. The original debt appears to have been contracted for lumber, and he claims that there was a mistake in the account to his prejudice. He seems to have kept no account, and his testimony upon this point is not very definite. His testimony upon the other matters, however, is not denied, and it may therefore be accepted as true that he paid as interest on $278, in five years and a half, more than $222. This is far in excess of the rate of interest allowed by law, and the findings of the jury in that regard are against the clear weight of testimony. It is true that H. W. Parker, in his cross-examination, says: "I deny that there were any mistakes in the bills rendered to said Colby, or that there was illegal interest charged or fraud in his accounts or notes," but this is not a denial of the testimony of Colby as to the amount of the original debt.

It is denied in the answer that H. W. Parker indorsed the note in question and delivered the same to C. L. Parker, and neither the note nor the indorsement was introduced or offered in evidence.

It is true that H. W. Parker, who was examined in California upon interrogatories and cross-interrogatories, testifies in answer to certain cross-interrogatories that he did indorse the note and deliver the same to the plaintiff. The character of the indorsement, however, is not de-

36

scribed, nor any copy thereof given. It is apparent, if his testimony is true, that there is still better evidence in possession of the plaintiff, in the indorsement of H. W. Parker, and that should be produced. The indorsement itself must be proved so that the court may determine its character and legal effect.

Thus in *Doll v. Hollenbeck*, 19 Neb., 639, the plaintiff had an assignment which was written on the mortgage before the maturity of the note, and the transfer was absolute, and yet the court, following an unbroken chain of authorities, held that while the equitable title to the paper passed to the assignee, and he could maintain the action, yet it was open to all the defenses which would have been available against the mortgagee. In that case the original note was usurious; there had been one or more renewals before the note had been assigned to the plaintiff, yet the defense of usury was held available.

Third—But even if the indorsement was proved, and that C. L. Parker had paid the face value of the note, it must be made to appear that he is a *bona fide* purchaser. The undisputed testimony shows that he had been in the employment of H. W. Parker, and the firm of which he was a member, for the year 1887, and for several years prior thereto. As stated by H. W. Parker, "he attended to renting and collecting rents of my buildings, and collecting accounts and notes due me and due the firm of H. W. Parker & Son, or any other business I had for him to do."

Chancellor Kent, in *Jewett v. Palmer*, 7 Johns. Ch. [N. Y.], 65, says: "that to support the plea of a *bona fide* purchaser without notice the defendant must aver and prove not only that he had no notice of the plaintiff's rights before the purchase, but that he had actually paid the purchase money before such notice. To the same effect, *DeMott v. Starkey*, 3 Barb. Ch. [N. Y.], 403; *Blight's Heirs v. Bank*, 6 T. B. Mon. [Ky.], 192; S. C., 17 Am.

Dec., 137; *Jackson v. McChesney*, 7 Cow. [N. Y.], 360; S. C., 17 Am. Dec., 521; 2 Am & Eng. Ency. of Law, 444.

Where usury in the original transaction, for which a negotiable note was given, is shown, a party who claims to have purchased the note before maturity for a valuable consideration must assume the burden of proof to show that he is a *bona fide* purchaser. (*Darst v. Backus*, 18 Neb., 231; *Savings Bank v. Scott*, 10 Id., 86; *Olmsted v. N. E. Mtge. Sec. Co.*, 11 Id., 492; *Cheney v. Cooper*, 14 Id., 416; *Evans v. De Roe*, 15 Id., 631; *Sedgwick v. Dixon*, 18 Id., 545; *Cheney v. Janssen*, 20 Id., 128; *Knox v. Williams*, 24 Id., 630; *Lincoln Natl. Bank v. Davis*, 25 Id., 376.) The plaintiff below falls far short of proving that he is a *bona fide* purchaser.

The defense of former adjudication is not sustained. It appears that judgment had been recovered on the note in question in the county court of Gage county; that a transcript thereof was duly filed in the office of the clerk of the district court, which became an apparent lien on the real estate of Colby, whereupon he brought an action to have the lien canceled and the judgment annulled upon the ground that the court had no jurisdiction, and a decree was rendered in conformity to the prayer of the petition. A transcript of the record of that case is before us, and it clearly shows that the judgment is placed on the ground that the county court had no jurisdiction. That judgment therefore is no bar to a recovery in this action. It is unnecessary to review the instructions. It is apparent that the judgment is wrong. It is, therefore, reversed and the cause remanded for further proceedings.

Reversed and remanded.

The other judges concur.