## F. M. SACKETT V. CARROLL S. MONTGOMERY ET AL., EXECUTORS.

FILED JANUARY 19, 1899.   No. 8634.

1. **Note: TRANSFER.** A note payable to a party or order may be transferred by the payee, without a commercial indorsement, by either an oral or a separate, distinct, written assignment thereof, followed by delivery, which would render the transferee liable to any defenses against the original payee.

2. **Action on Note: VOID JUDGMENT: RES JUDICATA.** A former judgment on a note is not a defense to a subsequent action on the same note, where the judgment was void for want of jurisdiction over the person of the defendant.

ERROR from the district court of Boone county. Tried below before KENDALL, J. *Affirmed.*

· *Spear & Mack,* for plaintiff in error.

*James S. Armstrong, H. C. Vail,* and *Montgomery & Hall,* contra.

NORVAL, J.

Milton Montgomery sued F. M. Sackett, and obtained judgment against him on a promissory note executed by the defendant and one John Dickenson, and payable to Montgomery & Jaycox, or order. Two defenses were presented, namely, that plaintiff was not the owner of the note, and that the payees had already obtained judgment against both makers for the full amount due thereon. Since the docketing of the cause in this court the death of the plaintiff below was suggested, and by agreement of parties an order was duly entered reviving the action in the name of his executors

As to the ownership of the note the evidence, without contradiction, shows that at the date of the institution of suit said Milton Montgomery was the owner of the paper, and on his behalf it was produced and introduced in evidence on the trial. The note was payable to the order of the payees, but did not contain their indorsement. This fact, however, did not prevent an equitable assignment of the paper to the decedent. A note payable to a party or order may be transferred by the payee, without a commercial indorsement, by either an oral or a separate, distinct, written assignment thereof, followed by delivery, which would render the transferee liable to any defenses against the original payee. (*Doll v. Hollenbeck,* 19 Neb. 639; *Colby v. Parker,* 34 Neb. 510; *Gaylord v. Nebraska Savings & Exchange Bank,* 54 Neb. 104; *Marskey v. Turner,* 81 Mich. 62; *Benson v. Abbott,* 22 S. E. Rep. [Ga.] 127; *Thomson-Houston Electric Co. v. Capitol Electric Co.,* 56 Fed. Rep. 849.)

As to the plea of estoppel by reason of a former judgment, the record discloses the following facts: On June

15, 1894, which was prior to the bringing of this action, Montgomery & Jaycox caused to be docketed a suit on the note in question against both makers before H. C. Vail, as a justice of the peace of Boone county. Summons was issued returnable on June 20. The day preceding the time fixed for the return of the writ John Dickenson, one of the makers of the note, appeared before the justice, waived process, and confessed that he was indebted to the plaintiffs in the sum of $84.02 upon said note. The justice inadvertently rendered judgment against both Dickenson and Sackett for said sum. Nearly a year afterward, at the request of the latter, and for the purpose of correcting a clerical error merely, the docket entry was changed to show a judgment against Dickenson only. There is considerable discussion in the brief of the power and authority to amend or change the judgment entry, but in our view it is wholly unnecessary to consider or pass upon the question. It was shown that Justice Vail never acquired jurisdiction over the person of Sackett; hence the judgment as against him was a nullity, and constituted no bar to the present action. (*Colby v. Parker*, 34 Neb. 510.) No reversible error appearing upon the face of the record the judgment is

AFFIRMED.