DANIEL BUCKLEY, APPELLEE, v. FRANK W. MAJOR ET AL., APPELLANTS.

FILED DECEMBER 18, 1914.    No. 18,675.

1. **Intoxicating Liquors**: PETITION FOR LICENSE: NUMBER OF SIGNERS. A petition signed by 29 resident freeholders of a village which contains only 57 freeholders is sufficient to authorize the licensing board to publish the notice and grant a license, where no remonstrance or other objection is filed before the board prior to the hearing of the application.

2. ———: LICENSE: FORFEITURE. An applicant obtained a license without objection and prior to the filing of any remonstrance. He opened his saloon and sold intoxicating liquors until he received notice of the filing of a remonstrance. *Held*, That on the hearing of the remonstrance, he had not thereby forfeited his right to a license.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*John N. Dryden* and *Homer M. Sullivan*, for appellants.

*W. D. Oldham, contra.*

BARNES, J.

Appeal from a judgment of the district court for Custer county affirming the findings and order of the village board of the village of Oconto in said county, granting to one Daniel Buckley a license to sell intoxicating liquors in said village during the license year of 1914.

97 Neb. 27

It appears from the stipulation and the evidence that on the 11th day of April, 1914, Daniel Buckley filed his petition for a license with the village board, which, when filed, contained the names of 29 resident freeholders of said village; that notice of the filing of the petition was published the first time on the 16th day of April, 1914; that on the 30th day of April, at 1 o'clock P. M., the board met, and, there being no remonstrance or objections of any kind before the board, a license was granted to the applicant. It further appears by the stipulation, which we find in the record, that at 6:30 P. M. of said 30th day of April a remonstrance was filed with the village clerk; that the applicant, on the 1st day of May, under color of the license which had been issued to him, and not otherwise, operated his saloon in said village, and sold intoxicating liquors in the usual course of business during said day; that on the evening of May 1 notice was served on the board of an application to the district court for a writ of mandamus requiring it to cancel the applicant's license; that thereupon the applicant closed his saloon, and did not reopen it, or again sell intoxicating liquors, until after a decision of the district court affirming the subsequent action of the village board, by which applicant was granted a license. It also appears that on the 2d day of May, 1914, the former order granting the applicant a license was canceled, and the village board set the remonstrance down for hearing on the 7th day of May, 1914; that on that day one of the original petitioners withdrew his name from the petition, and the name of four other freeholders of the village were signed to the petition with the consent of the board. It further appears from the stipulation that there were only 57 resident freeholders in the village of Oconto. At the hearing the remonstrance was overruled and the applicant was granted a license, but it was ordered that it should not be delivered to him pending an appeal to the district court, of which the remonstrators gave notice.

An appeal was perfected, and it was contended on the hearing in the district court that the petition of the applicant did not contain the requisite number of freeholders

to entitle him to a license, and the board had no authority for publishing the notice of his application. It was also contended that on the 1st day of May, 1914, the applicant opened a saloon and operated the same during that day, and sold intoxicating liquors without having a license therefor, contrary to the provisions of chapter 40, Rev. St. 1913. An ordinance of the village was introduced in evidence, by which it was provided, in substance, that it shall be unlawful for any person to sell or give away any intoxicating liquors within the village without having first complied with the provisions of this ordinance. By section 2 it was provided that any person or persons desiring to sell vinous, spirituous or malt liquor at retail shall procure a petition signed by 30 *bona fide* resident freeholders of the village of Oconto, and shall give notice of the filing of said petition by publication as required by the law of the state of Nebraska, commonly known as the "Slocumb Law." He shall file his bond in the sum of $5,000, as required by the statutes of the state of Nebraska, and conditioned as therein provided.

It is admitted by the stipulation that the applicant's petition was signed by a majority of the resident freeholders of the village at the time the notice was published, and it is contended by the applicant that the petition was sufficient according to the provisions of section 3869, Rev. St. 1913, and conferred jurisdiction upon the board to publish the notice and grant the license. It is not contended, and the remonstrance does not allege, a failure in any other respect to comply with the ordinance of the village, and consequently that question need not be considered.

Section 3869, Rev. St. 1913, contains the following provisions: "In granting licenses or permits such corporate authorities in cities and villages, and the board of fire and police commissioners in such other cities, shall comply with and be governed by *all* the provisions in this chapter in regard to the granting of license. * * * Provided, further, in granting any license the petition therefor shall be sufficient if signed by 30 of the resident freeholders, *or if there are less than 60,* of a majority of the freehold-

ers of the ward or village where the sale of such liquors is to take place."

In the case at bar it appears that there were but 57 resident freeholders in the village, and that a majority thereof had signed the applicant's petition, therefore the ordinance which provided for the signature of 30 freeholders residing in the village was to that extent in conflict with the general statute above quoted. It follows that the petition was sufficient in the first instance, and authorized the village board to publish the notice and grant the applicant a license. *Thompson v. Mt. Vernon,* 11 Ohio St. 688. *Maxwell v. Reisdorf,* 90 Neb. 374, is not in conflict with this view, because in that case the petition was not signed by the required number of freeholders when the notice was published.

As above stated, on the day set for the hearing of the remonstrance in this case, one of the petitioners withdrew his name from the petition. This did not deprive the board of the power to publish the notice, for at the time the notice was published the petition contained a sufficient number of names of persons qualified to sign the same, and authorized the board to grant a license; and we are of opinion that, when one of the signers withdrew his name from the petition on the day set for hearing the remonstrance, the board had authority to allow the petitioner to substitute the four other resident freeholders as signers to his petition. *State v. Weber,* 20 Neb. 467; *Zielke v. State,* 42 Neb. 750; *Thompson v. Eagan,* 70 Neb. 170. It was not necessary to republish the notice of the application for a license to sell intoxicating liquors after the additional names were added to the petition.

This brings us to the determination of the contention of counsel that the applicant had been guilty of a violation of the Slocumb act, by selling intoxicating liquors during the year previous to the time he sought to procure a license. We think this contention is without merit. The applicant is conceded by the stipulation to be a man of good character and standing, and it is conceded that he had not previously engaged in the sale of intoxicating liq-

uors. On the 30th day of April the village board granted him a license, and, acting in good faith and under the belief that his license was valid, he opened his saloon on the 1st day of May, which was the first day of the current license year, and sold intoxicating liquors until the evening of that day, when he was notified of the filing of the remonstrance; that he immediately closed his place of business, and did not again engage in the sale of intoxicating liquors until the appeal of the remonstrators was decided by the district court for Custer county.

It seems clear that, if the applicant was guilty of a violation of law, that violation occurred within the current year, and to our minds it is extremely doubtful if he violated the law in any respect. He had complied with all of the provisions of the Slocumb law, and with all of the valid provisions of the ordinance of the village. At the time the license was granted to him on the 30th day of April, 1914, there was no remonstrance or other objections on file against the issuance of his license, and it would seem that the license first issued was in all respects valid. The fact that one of the signers to the petition withdrew his name some seven days afterwards would not be sufficient to make the applicant a violator of the law.

As we view the record, it contains no reversible error, and the judgment of the district court is

AFFIRMED.

ROSE and FAWCETT, JJ., not sitting.