RICHARD WILKINSON ET AL., APPELLEES, V. CITY OF LINCOLN, APPELLANT.

FILED MARCH 11, 1921. No. 21735.

Municipal Corporations: STREET IMPROVEMENTS: PETITIONERS: WITHDRAW-AL OF NAMES.   In the absence of fraud or of statutory or municipal authority, a petitioner for a city pavement cannot withdraw his name after the petition has been duly approved and the paving legally ordered by the city council.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Reversed and dismissed.*

*C. Petrus Peterson, Charles R. Wilke, R. A. Boehmer* and *Sterling F. Mutz,* for appellant.

*Burr & Brown, contra.*

ROSE, J.

This is a suit in equity to prevent the city of Lincoln from entering into a contract to pave Holdrege street between Twenty-seventh street and the alley west of Nineteenth street.   Property of each plaintiff will be subject to assessment to pay a proportionate share of the cost of the improvement, if made.   Insufficiency of the paving petition is pleaded, on the ground that some of the peti-

tioning property owners withdrew their names before the paving contract was let, leaving the property owned by the remaining petitioners insufficient to authorize the paving. This was the controlling issue in the case. The trial court held that the withdrawing petitioners acted within their rights and granted an injunction against further proceedings under the petition. The city has appealed.

Under authority conferred by the city charter, the council passed a valid resolution approving the petition and ordering the paving. The petition was then legal and sufficient in every respect. It was after the improvement had been thus ordered that plaintiffs withdrew their names. Within the meaning of the city charter, the action of the city council in ordering the paving was final as to the right of a petitioner to withdraw his name from the paving petition. The right to withdraw the name of a petitioner, in the absence of fraud or of statutory or municipal authority, ended with the resolution. In passing it the city council not only acted for all of the petitioners but for all other citizens of the municipality. The validity of municipal acts is not left to the changing attitude of private petitioners. Public policy does not permit a petitioner to invoke municipal power for the public welfare and, by withdrawing his name without specific statutory or municipal authority, destroy the power invoked by him after it has been legally exercised by the city council. This principle of municipal law is sound and is well established by precedent.

On the part of city officers, there was no fraud to justify a withdrawal of names from the paving petition, nor was such authority granted by state statute or municipal ordinance.

For the purpose of granting an injunction, it will not be presumed that assessing officers will cast an unlawful burden on property in the paving district. A remedy in such an improbable contingency will not be wanting, but it has no place under the issues and the proofs in the present case.

105 Neb.—48

The injunction was erroneously allowed. The judgment of the district court is therefore reversed and the suit dismissed at the costs of plaintiffs in both courts.

REVERSED AND DISMISSED.