OLIVER P. BURROWS ET AL., APPELLANTS, V. J. E. KEEBAUGH ET AL., APPELLEES.

FILED JULY 9, 1930. No. 27137.

*J. E. Porter,* for appellants.

*Raymond & Fitzgerald* and *F. J. Reed, contra.*

Heard before GOSS, C. J., DEAN, GOOD and EBERLY, JJ., and RHOADES, SPEAR and TEWELL, District Judges.

RHOADES, District Judge.

This is an action brought in the district court for Scotts' Bluff county to restrain the defendants and appellees from proceeding with work for public improvements in the city of Mitchell, a city of the second class, under a contract, and to have all proceedings relative thereto decreed to be void. Certain owners of real estate within the improvement district sought and obtained leave to intervene, and they also resisted the application for an injunction upon substantially the same grounds as did the city, and further asked for a mandatory injunction requiring the council to proceed with the proposed public improvements. The court below dissolved, vacated and set aside the temporary injunction, and denied a permanent injunction and dismissed plaintiffs' petition. The court below further dismissed the petition of the interveners without prejudice, there being no sufficient evidence that the defendants herein would not

forthwith proceed to make the improvements. From the order of the court below, the plaintiffs appeal.

Vigorous objection is made by plaintiffs to practically every step taken in the procedure by the city council. However, the more important ones are disposed of in this opinion. Plaintiffs insist that ordinance No. 125, under which the city council proceeded, is void for the reason that no ordinance shall contain any subject which is not clearly expressed in its title. After carefully reading said ordinance No. 125, in connection with the clerk's records relative to its passage, we believe that the title of the said ordinance fully and fairly sets out every subject covered in the ordinance. There is no requirement that all details be expressed in the title. *Morgan v. State,* 64 Neb. 369. It is clearly manifest from a study of the record and the proceedings of the council in this case that the council sought to, and succeeded in repealing ordinance No. 124, and enacting and passing ordinance No. 125.

Appellants further contend that ordinance No. 125 is void for the reason that there is no finding by the council that the proposed improvements are necessary. The statute, section 4283, Comp. St. 1922, as amended by chapter 42, Laws 1927, as far as it relates to this matter, provides: "Whenever the governing body shall deem it necessary to make any of the improvements hereinbefore named, said governing body shall by ordinance create paving, graveling, or other improvement district or districts, and after the passage, approval, and publication of such ordinance, shall publish notice of the creation of any such district or districts." It will be noted that the statute does not say, "they shall declare the necessity by ordinance," but they "shall by ordinance create." It would not seem in the present case that the determination of necessity is at all jurisdictional. Even in the face of the city charter of Omaha, in the case of *Portsmouth Savings Bank v. City of Omaha,* 67 Neb. 50, where this question was involved, the court said: "As to the requirement of a declaration that the work is necessary, an examination of section 110 of the city charter would seem to indicate that it never was in-

tended by the legislature that this declaration should be jurisdictional." From section 110, as it appears in the opinion, we find: " 'Whenever any of the improvements herein named, to wit, paving, * * * singly or all together, shall be declared necessary by the mayor and city council' * * * it seems a quite different provision from that, for instance, of the drainage act, by which the commissioners are required to make a finding as to the necessity of the work." If the statute requires a finding and resolution of necessity for an improvement, it would seem to be jurisdictional. Section 4283 makes no such requirement.

The plaintiffs further contend that the ordinance should provide for the establishment of a permanent grade. We are unable to agree with this contention in view of our holding in *Schreifer v. City of Auburn,* 110 Neb. 179, in which it is stated: "The city council of a city of the second class is not required to establish by ordinance a grade upon a street forming a part of a paving district as a condition precedent to the establishment of such a district." This proposition is in 44 C. J. 193, 571; *Knowles v. Seale,* 64 Cal. 377; *Kershaw v. City of Willamina,* 119 Or. 543; *Allen v. City of Davenport,* 107 Ia. 90; *Schreifer v. City of Auburn, supra.*

Plaintiffs further contend that the special meeting of the council on November 1, 1928, was void for the reason that notice was not given to all the councilmen. We readily concede that the proceedings of a city council would be void if one of the councilmen, while within the reach of the place of the meeting and able to attend, was given no notice, and the council could not justify its actions merely by reason of there being a quorum present, or upon the theory that the absentee's vote would not have changed the proceedings, for, in that case, it could well be contended that the people were entitled to have their representative present and to council with the body in their municipal proceedings. However, in the present case, it was stipulated and agreed by and between the parties: "That on the 1st day of November, 1928, councilman Max Weekley was confined to a hospital in Wheatland, Wyom-

ing, where he had been for more than 30 days prior thereto, and was not physically able at said time to receive any notice of any meeting nor to attend any meeting of any kind in the city of Mitchell, and that said Max Weekley during all of said time had and maintained a home within the city of Mitchell which was his principal place of residence in the state of Nebraska." We think the stipulation that councilman Weekley was confined to a hospital and physically unable to receive a notice or to attend a meeting excuses the service of notice. Under the circumstances and stipulations, any notice to councilman Weekley would have been an idle gesture.

The statute governing special meetings of the council of a city of the second class is section 4167, Comp. St. 1922, and is as follows: "The mayor or any three councilmen shall have power to call special meetings of the city council, the object of which shall be submitted to the council in writing, and the call and object, as well as the disposition thereof, shall be entered upon the journal by the clerk." See 43 C. J. 499; *Rafferty v. Town Council of Clermont*, 180 Ia. 1391; *Gale v. City of Moscow*, 15 Idaho, 332; *Nelson v. City of South Omaha*, 84 Neb. 434; 2 Dillon, Municipal Corporations (5th ed.) sec. 534.

There are other contentions of the plaintiffs, and, while ably argued, are more or less technical in their nature. For instance, plaintiffs argue that the second subdivision of the 1927 amendment to section 4283, Comp. St. 1922, provides: "If a majority of the resident owners of the property directly abutting on the street * * * to be improved shall file with the city clerk, * * * within 20 days after the first publication of said notice, written objections to the creation of such district, * * * said improvement shall not be made as provided in said ordinance, but said ordinance shall be repealed." By reference to exhibit 4, it will be noted that the notice was first published October 11, and the 20-day limit for filing protest would expire October 31. Theoretically, at least, it could not be determined by the city council until the 31st day of October had expired just how many *bona fide* remonstrants had

signed the remonstrance. It is well settled that an objector may lawfully withdraw his name from a remonstrance at any time before the time for filing has expired, and many of the cases hold that they may withdraw their name at any time before the remonstrance has been acted upon by the council or other tribunal. It was the condition of the record of the clerk's office on October 31 that determines the status of the remonstrance. Clearly the council could not repeal the ordinance before the time for filing of remonstrances had expired. 44 C. J. 239, 257; *City of Sedalia v. Montgomery*, 109 Mo. App. 197; *Wilkinson v. City of Lincoln*, 105 Neb. 752; *State v. Nemaha County*, 10 Neb. 32; *Salt Lake & U. R. Co. v. Payson*, 66 Utah, 521.

There are other contentions of the plaintiffs, which, in our opinion, are not controlling. When an action in equity is appealed, wherein review of some or all of the findings of fact of the district court is asked by the appellant, it is the duty of this court to try the issues *de novo* and reach an independent conclusion without reference to the findings of the district court. Comp. St. 1922, sec. 9150. "And when the evidence on material questions of fact is in irreconcilable conflict, this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying." *Magill v. Magill*, 114 Neb. 636.

The judgment of the lower court is

AFFIRMED.