ALBERTINA M. KOCH, APPELLEE, v. THE COUNTY OF DAKOTA ET AL., APPELLEES, HAROLD KRUMWIEDE ET AL., INTERVENERS AND APPELLANTS.

38 N. W. 2d 397

Filed June 29, 1949. No. 32623.

*Mark J. Ryan,* for appellants.

*Warner & Warner, Free, Berry & Free,* and *Malcolm R. Smith,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action in equity brought by the plaintiff against Dakota County and its board of commissioners to secure the cancellation of a lease granting a right-of-way for a road, to enjoin the defendants from asserting any right to or interest in the land involved, and for equitable relief. Certain parties intervened and alleged rights adverse to the contentions of plaintiff. Trial was had resulting in a general finding and decree for plaintiff. Interveners appeal. We affirm the judgment of the trial court.

Plaintiff's predecessor in title was one John Mulhall. On December 1, 1919, he, as lessor, entered into a contract with the county commissioners of Dakota County, as lessees, whereby in consideration of $80 a year, payable in advance, he leased for the purpose of a public highway an L-shaped strip of land across property then owned by Mulhall. The lease was to run as long as the lessees

desired, with the proviso that if the rent was not paid when due the lessor might cancel the lease and the land would revert to the lessor. Plaintiff is successor in title to the interests of Mulhall in the land and assignee of his interests under the lease.

The county entered upon the premises and constructed a roadway thereon, and it has since been maintained and used as a public highway. The county has at all times taxed the land, including the leased roadway.

There is some evidence in the record that in 1927 the county commissioners refused to pay the stipulated rent for that year, the county clerk stating that as of June 1, 1927, the board decided it would pay the rent if Mulhall paid taxes three years past due.

It is stipulated that the county has not paid rentals accruing under the lease since December 1, 1934. In March 1937, Mulhall filed a claim for rent for the years 1935, 1936, and 1937. The board rejected the claim on September 24, 1937. There is evidence that one of the commissioners stated the county would not pay rent while there were back taxes on the land. No appeal was taken. No further claims for rent were filed. The public continued to use the road and the county to maintain it.

It appears that at some recent date, not definitely disclosed, plaintiff contracted to sell the land and desired to close the road. At about that time plaintiff's agent discussed with the commissioners the matter of the obligation of the county to pay rent and was advised that if some $12,000 in taxes due on the land was paid, the amount due on the rental would be paid.

On May 19, 1948, plaintiff served notice to quit upon the defendants. They took no action thereon. A petition to vacate was filed in April 1948, and rejected on June 3, 1948. This proceeding will be referred to later herein. Thereafter this action was instituted on June 19, 1948.

Interveners concede the rule to be that "Where possession of real estate is entered upon under an agreement with the owner with reference to the occupancy and not

as owner, the occupant cannot assert ownership by adverse possession unless he first surrenders his possession, or by some unequivocal act notifies the landlord that he no longer holds under the agreement made." Garner v. McCrea, 147 Neb. 541, 23 N. W. 2d 731.

Interveners argue that the refusal to pay the rent in 1937 constitutes the unequivocal act; that thereafter plaintiff or her predecessor in title could either have appealed the denial of the claim, taken action to terminate the lease, or abandoned all rights under the lease; that the failure to take action for more than ten years amounts to a dedication of the road to the public use; and that it indicates an abandonment and the establishment of a highway by adverse use for ten years and more.

It has been held as well settled that "* * * when the relation of landlord and tenant has been created, the possession of the tenant is consistent with the title of the landlord, and the mere non-demand and non-payment of rent, are not sufficient to bar the landlord's title, whatever effect they may have, if long continued, upon his right to recover the rent; and not only is the tenant precluded from relying on his possession to bar his landlord, but also all persons who come in under or derive possession from the tenant in any manner however remotely. In such cases, possession is presumed to be in accordance with the title, and this presumption will hold until some notorious and unequivocal act of exclusion shall have occurred." Ehrman v. Mayer, 57 Md. 612. See Barada-Ghio Real Estate Co. v. Keleher (Mo.), 214 S. W. 961.

Whatever rights the public and the interveners have here rest upon the rights and obligations by which the county received the use of this land for the public use. There has been no unequivocal act here that enables the county or the public to assert a right contrary to the provisions of the lease by which the county holds. Clearly plaintiff's relationship with the county began as and remains that of landlord and tenant.

Plaintiff is accordingly entitled to prevail in this action unless there is merit in interveners' contention that this action is barred by the adjudication of the petition to vacate.

It appears that plaintiff's agent discussed this situation with the county officers in 1948, and it was suggested that a road vacation proceeding be filed. A petition was prepared, directed to the county board of Dakota County, petitioning them to vacate "a Private road" which is that described in the lease here, and also "the road" along the east boundary of plaintiff's land. This was signed by ten persons, apparently at the agent's request, and it was certified that the petitioners resided "within five miles of the within proposed road and are legal petitioners for the same." Plaintiff was not one of the petitioners and we find no evidence to indicate that she was a qualified petitioner. This petition was filed April 17, 1948, and on that day was referred to the county surveyor for report. On April 21, 1948, he reported, recommending the vacation of the road. Beginning April 22, notice of the report was published, in which it was recited that objections must be filed on or before noon of May 17, 1948. On May 17, at 9:30 a. m., six of the ten petitioners filed a written request that their names be withdrawn from the petition for the reason that the matter had been misrepresented to them. Objections also were filed, the date not being shown, and one of the grounds being that there was an insufficient number of electors signing the petition. On June 3, 1948, the board met and the petition came on for hearing. An attorney appeared "for Mrs. Koch and the petitioners" and an attorney appeared for the objectors. Hearing was had. There is here no record of the evidence taken. No findings are shown. The petition was "rejected." The county clerk testified that the reasons discussed for the rejection were that if it was a private road, the board had no right to allow the petition, and if it was a public road, there were too many objectors. Interveners pleaded and here contend that

this proceeding was an adjudication which bars the present action.

The proceedings to vacate the road were had, as interveners contend, under the provisions of section 39-102, R. S. Supp., 1947, and sections 39-103 to 39-142, R. S. 1943. Section 39-105, R. S. 1943, requires a petition signed by at least ten electors residing within five miles of the road proposed to be vacated.

Assuming, but not deciding, that the rules as to res adjudicata are applicable to a proceeding such as involved here, we are at the outset confronted with this situation. Before the final time set for filing objections and well before the time the petition was presented to the board for action, six of the ten petitioners filed a request that their names be withdrawn from the petition and gave reasons therefor. The record shows that the withdrawal was called to the attention of the board.

The petitioners had the right to withdraw their names from the petition before the same was presented to the board. State v. Nemaha County, 10 Neb. 32, 4 N. W. 373; Hoffman v. Nelson, 1 Neb. (Unoff.) 215, 95 N. W. 347; Buckley v. Major, 97 Neb. 417, 150 N. W. 257; Wilkinson v. City of Lincoln, 105 Neb. 752, 181 N. W. 861; State ex rel. Tanner v. Warrick, 106 Neb. 750, 184 N. W. 896; Burrows v. Keebaugh, 120 Neb. 136, 231 N. W. 751. This statement is not intended to limit or define petitioners' rights after the petition is presented.

It follows then that at the time the petition was presented to and acted upon by the board it was the petition of but four electors.

"The statutory provision that a petition for the establishment or vacation of a public road shall be signed by at least ten electors residing within five miles of the road is jurisdictional. * * * The facts essential to the jurisdiction of a county board to establish or vacate a road must affirmatively appear on the record of the proceedings." Letherman v. Hauser, 77 Neb. 731, 110 N. W. 745. See McNair v. State, 26 Neb. 257, 41 N. W. 1099.

It follows that the board was without jurisdiction to enter any order in the matter save to dismiss for want of jurisdiction.

A judgment rendered without jurisdiction of the subject matter may not be used as the basis for the application of the doctrine of res adjudicata. Colby v. Parker, 34 Neb. 510, 52 N. W. 693; Sackett v. Montgomery, 57 Neb. 424, 77 N. W. 1083, 73 Am. S. R. 522; 50 C. J. S., Judgments, § 617, p. 38; 30 Am. Jur., Judgments, § 198, p. 939.

The judgment of the district court is affirmed.

AFFIRMED.