ELSIE ROZANEK ET AL., APPELLEES, V. CITY OF FREMONT, NEBRASKA, A MUNICIPAL CORPORATION, APPELLANT.

272 N. W. 2d 45

Filed November 29, 1978. No. 41706.

Lyle B. Gill, for appellant.

William G. Line, for appellees.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ., and RIST, District Judge.

BOSLAUGH, J.

The plaintiffs are residents and owners of real estate along the east side of Nye Avenue in the City of Fremont, Nebraska. On June 29, 1976, the city council adopted a resolution providing that sidewalks should be constructed along Nye Avenue where sidewalks had not been constructed or were not in good repair. This action was brought to declare the resolution void and enjoin the City from enforcing the resolution against the plaintiffs.

The trial court found that the resolution was void because it did not contain a finding that sidewalk construction was necessary as required by section 26-18 of the municipal code of the defendant, and enjoined the defendant from constructing sidewalks and assessing the cost against the plaintiffs' property under the resolution. The defendant has appealed.

Section 26-18 of the municipal code of the City of Fremont provides: "Whenever the city council shall deem it necessary that a sidewalk should be constructed * * *" the council shall so order and the property owner shall be notified. The ordinance prescribes the procedure to be followed and provides that in the event the owner fails to construct the sidewalk within 30 days the City may construct the sidewalk and assess the cost against the property.

Under section 16-661, R. R. S. 1943, the mayor and council of a city of the first class are authorized to construct or cause and compel the construction of

sidewalks in the city of such material and in such manner "as they may deem necessary."

The general rule is that a public improvement ordinance need not recite the necessity for its enactment unless the statute expressly requires that it do so. The passage of an ordinance requiring construction is in itself a finding of necessity because necessity is a legislative question rather than a judicial question. See 13 McQuillin, Municipal Corporations (3rd Ed.), § 37.67, p. 178. This rule was followed in Burrows v. Keebaugh, 120 Neb. 136, 231 N. W. 751, and Morse v. City of Omaha, 67 Neb. 426, 93 N. W. 734, which were cases involving similar statutes relating to paving districts. In the Morse case this court said a formal declaration of necessity was not required by a statute which authorized construction of improvements when "declared necessary by the mayor and city council."

The resolution involved in this case was adopted pursuant to a comprehensive plan in which the streets were classified and priorities assigned upon the basis of need as determined by a consideration of various factors. The plan was based upon a report prepared by a consulting engineer employed by the City. Nye Avenue was classified as both a vehicle-arterial and pedestrian-collector street and had the third highest exposure index of the streets in that district. The plaintiffs complain that the plan did not take into account the fact that sidewalks had been constructed along one side of Nye Avenue.

The answer to the plaintiff's contention is that the City considered it necessary to construct sidewalks on both sides of Nye Avenue. That determination was a legislative question and not a judicial question.

The judgment of the District Court is reversed and the cause remanded with directions to enter a judgment dismissing the action.

REVERSED AND REMANDED
WITH DIRECTIONS.